Gregory G. Skordas (#3865)
Kaytlin V. Beckett (#16257)
Gabriela Mena (#17087)
SKORDAS & CASTON, LLC
560 South 300 East, Suite 225
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
Attorneys for Defendant
gskordas@schhlaw.com
kbeckett@schhlaw.com
gmena@schhlaw.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUSTIN HAMILTON,<br><br>Defendant. | **DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Case No. 1:19-cr-00034<br><br>Judge Tena Campbell<br>Magistrate Judge Paul Warner |

    The Defendant, Justin Hamilton, by and through counsel of record, Gregory G. Skordas, hereby provides his Sentencing Memorandum in advance of sentencing scheduled for October 24, 2019 at 1:30 p.m. In support, the Defendant alleges as follows:

## STATEMENT OF RELEVANT FACTS

1. On March 20, 2019, Defendant, Justin Hamilton, was charged by Felony Information with one count of Obstruction of Proceedings Before Departments or Agencies, in violation of 18 U.S.C. § 1505, a Class D Felony.

2. On June 20, 2019, the Defendant pled guilty to the single count outlined above.

3. The sole count in the felony information arose from Mr. Hamilton's ownership interest in

a chain of restaurants, Café Sabor.

4. In 2016, the Department of Labor's Wage and Hour Division (DOL) began investigating Café Sabor for violations of the Fair Labor Standards Act regarding minimum wage requirements and overtime payments to its employees.

5. On February 8, 2017 DOL and Mr. Hamilton entered into a settlement agreement. In that Settlement Agreement, Mr. Hamilton agreed to pay $125,715.70 in back wages and liquidated damages.

6. Mr. Hamilton conveyed to DOL, through cancelled checks and similar documentation, that he had indeed made back wage payments to his employees as agreed.

7. Mr. Hamilton's business was struggling at this time and he did not in fact make back wage payments to his employees as required under the Settlement Agreement. The cancelled checks or forged checks provided by Mr. Hamilton did not reflect amounts actually received as back wage payments by the employees to whom the checks were issued.

8. When the Defendant was charged in this matter, the still owing balance from that Settlement Agreement was $109,903.16.

9. The Defendant accepted responsibility for the offense conduct and pled as charged in the felony information, foregoing his right to a formal indictment.

10. The Defendant is gainfully employed, owning and operating his own business.

11. The Defendant is active in his community and supportive of charitable causes through his business as well as personally.

12. The Defendant has no criminal history outside the present offense.

13. The Defendant has paid the entirety of restitution prior to sentencing in this matter.

## **SENTENCING RECOMMENDATIONS**

Based on the above information, Defendant recommends the Court impose the following:

- The Court impose no period of incarceration in accordance with the joint recommendation of the Government and the Defendant.

- The Defendant be ordered to pay Restitution to the victim, in the amount of $109,903.16, pursuant to 18 U.S.C. §3663A and USSG § 5E1.1. Such restitution Has already been paid.

DATED this 7th day of January 2020.

                                           SKORDAS & CASTON, LLC

                                           _/s/ Gregory G. Skordas_
                                           Gregory G. Skordas

## CERTIFICATE OF SERVICE

I hereby certify that on the 7 January 2020, I electronically filed a true and correct copy of the foregoing **DEFENDANT'S SENTENCING MEMORANDUM**, with the Clerk of the Court using CM/ECF system, which sent notification of such filing to the following:

Ruth Hackford-Peer
Assistant United States Attorney
111 South Main St., #1800
Salt Lake City, UT 84111

                                                */s/ Sabrina Snow-Legal Secretary*
                                                SKORDAS & CASTON, LLC